IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUANE LETROY BERRY, §<br>  #62250-019, §<br>         PETITIONER, §<br> §<br>v. §<br> §<br>UNITED STATES OF AMERICA, §<br>         RESPONDENT. § | | CIVIL CASE NO. 3:21-CV-3228-E-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Duane Letroy Berry's *pro se* petition for writ of habeas corpus was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Upon review, the Court finds this civil action is duplicative of a habeas action already pending before this Court and, thus, should be **DISMISSED WITHOUT PREJUDICE**.

Berry is presently confined in the United States Bureau of Prisons Federal Medical Center in Butner, North Carolina, under an order of civil commitment, after being found not competent to stand trial. *See United States v. Berry*, No. 15-20743, 2019 WL 7875135, at *1-2 (E.D. Mich. Dec. 17, 2019) (setting forth the procedural history of the criminal charges and the competency proceedings). Apparently, Berry's outstanding criminal charges stem from his belief "that he is the 'primary trustee' of a trust that owns 'every Bank of America branch and asset around the world,' and he is responsible for 'repossession' of those assets." *Id.* at *1. While in custody, he has filed more than 50 civil actions nationwide, including habeas petitions and other proceedings that he initiated as a movant or interested party. *See, e.g., Duane L. Berry,*

*Movant v Seized Federal Securities and All Authorized Persons*, No. 4:21-CV-3610 (S.D. Tex., Houston Div., Nov. 9, 2021) (dismissing as frivolous and with sanction warning Berry's directive to the U.S. Marshals "to return Defendants [sic] SEIZED FEDERAL SECURITIES back to the custody of the Plaintiff").

On December 28, 2021, Berry filed the instant *Habeas Corpus* petition, contending that "[t]his Court is in possession of [his] Bank of America property . . . seized in part by this court's U.S. Marshals." Doc. 3 at 1. He thus requests to be transported to this court for an evidentiary hearing." *Id.*

On December 27, 2021, Berry filed an identical *Habeas Corpus* petition in the Fort Worth Division, which remains pending awaiting his response to the Deficiency Order. *Berry v. United States*, No. 4:21-CV-1374-Y (N.D. Tex., Fort Worth Div.); Civ. Doc. 1; Civ. Doc. 4. Both petitions were mailed from Clinton Township, Michigan, along with the $5 filing fee. Doc. 3 at 30; Civ. Doc. 1 at 30.

Based on the foregoing, it appears that the habeas petition in this case is duplicative of the habeas action already pending in this Court in Cause No. 4:21-CV-1374-Y. As such, this action should be **DISMISSED WITHOUT PREJUDICE** as duplicative.

Berry should also be **WARNED** that he may face sanctions, including monetary penalties, if he continues to abuse judicial resources by filing repetitive, frivolous pleadings, including habeas petitions in the federal courts.

**SO RECOMMENDED** on January 6, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).